IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Baltimore Division*

| | |
|---|---|
| IN RE:<br>McArthur L. McGowens<br>    Debtor | Case No. 21-12220-MMH |
| U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust<br>    Movant | Chapter 13 |
| vs. | MFR ECF No. 19 and 20 |
| McArthur L. McGowens<br>    Debtor | |

## LINE

COMES NOW U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, files the present Line in response to the Court's instructions and respectfully represents as follows:

1. On or about September 15, 2021, this Court issued instructions (ECF No. 23) indicating that Movant was required to provide further/additional information related to proper service of the underlying motion for relief from automatic stay and attending exhibits/documents to the Debtor pursuant to Fed. Proc. Rule 7004(b)(9).

2. On or about July 30, 2021, Movant filed its Motion for Relief from Automatic Stay (ECF No. 19).

3. The same day, July 30, 2021, Movant realized that Movant had not attached standard exhibits to the motion, which exhibits included the underlying deed of trust and promissory note. Movant then served Debtor and all related parties the relevant documents that day, July 30, 2021.

4. Upon realizing the oversight, Movant quickly uploaded the relevant exhibits and served all parties. Unfortunately, at that time, rather than e-filing and submitting the exhibits as "support documents" and linking those documents to the already e-filed Motion for Relief from Automatic Stay, Movant erroneously docketed the matter *vis-à-vis* the CM/ECF system as a renewed "Amended Motion" which then precipitated the Court's current, reasonable action.

5. Ostensibly, Movant's misguided attempt to correct its own oversight created further complications.

6. Movant's only intention, on July 30, 2021 was to indicate to all parties that related exhibits were served on the Debtor and all other related parties.

7. In an effort to correct the oversight, Movant has filed separately a "Certificate of Service" which states in relevant part that the (a) original Motion for Relief from Automatic Stay was served on all parties accordingly, and (b) that the exhibits e-filed on July 30, 2021 were also served at that time on all parties accordingly.

8. Finally, undersigned counsel for Movant does apologize to the Court for the oversight and misunderstanding and requests that the Court accept the present Line and the concomitant Certificate of Service as sufficient cure of the oversight.

Respectfully submitted,

  /s/Gene Jung
Gene Jung, Esq.
McMichael Taylor Gray, LLC
11900 Parklawn Drive, Suite 320
Rockville, MD 20852
(470) 289-4347
gjung@mtglaw.com

*Counsel for Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on   September 16, 2021  , the following persons were served a copy of the foregoing LINE in the manner described below:

<u>*Via* First Class Mail, Postage Prepaid</u>**:**

McArthur L.McGowens
4716 Garrison Blvd.
Baltimore, MD 21215
*Debtor*

<u>*Via* CM/ECF Electronic Notice</u>:

Jeffery M. Sirody, Esq.
Jeffrey M. Sirody and Associates, P.A.
1777 Reisterstown Road, Ste. 360E
Baltimore, MD 21208
*Counsel for Debtor*

Robert S. Thomas, II
300 E. Joppa Road, Ste. 409
Towson, MD 21286
*Chapter 13 Trustee*

                           */s/Gene Jung*
                           Gene Jung